## Richmond

COMMONWEALTH OF VIRGINIA, EX REL. THE ART COMMISSION
v. DAVID SILVETTE.

March 10, 1975.

Record No. 740617.

Present, I'Anson, C.J., Carrico, Cochran, Harman and Poff, JJ.

*Thomas Steger, Assistant Attorney General (Andrew P. Miller, Attorney General,* on brief), for plaintiff in error.

*David Silvette, pro se.*

Per Curiam.

David Silvette, a portrait painter, filed in the trial court his petition for a declaratory judgment pursuant to Code § 9-6.9 (Repl. Vol. 1973), seeking to have Paragraph 4(c) [1] of the "Rules and Procedures" of the Art Commission declared unconstitutional as a violation of his First Amendment right to free expression. The Art Commission filed a motion to dismiss the petition on the grounds that the Commission is not an

---

[1] Paragraph 4(c) provides as follows:

"It is important, particularly for portraits, that preliminary sketches, cartoons, color photographs or other preliminary work be submitted to the Commission before the work is completed to such an extent that changes would be difficult."

agency subject to the General Administrative Agencies Act (Code §§ 9-6.1 *et seq.*) and that the "Rules and Procedures" of the Commission are mere administrative guidelines lacking the force and effect of law. The trial court overruled the motion to dismiss and, by letter opinion dated January 16, 1974, declared that the Art Commission, through Paragraph 4(c), exerted prior restraint and coercion on Silvette in violation of his First Amendment rights. By order entered February 1, 1974, and reinstated March 8, 1974, the trial court prohibited the Art Commission from applying Paragraph 4(c) as a condition to considering portraits submitted as gifts to the Commonwealth. The Art Commission has appealed.

The Commission functions under the provisions of Chapter 2, Title 9 of the Code to advise the Governor as to whether a work of art should become the property of the Commonwealth. Code § 9-11 (Repl. Vol. 1973). The Governor may accept gifts to the Commonwealth of works of art only if the Commission deems such gifts worthy of acceptance. Code § 9-12 (Repl. Vol. 1973).

The Commission concedes that Paragraph 4(c) is merely advisory, not mandatory, and that no artist is required to submit preliminary work to the Commission for approval or revision. Silvette concedes that the Commission has the right to reject a finished portrait submitted to it under the provisions of Code § 9-12. Therefore, the only question is whether the trial court properly ruled that the Art Commission is an agency subject to the provisions of the General Administrative Agencies Act [2] and, as such, authorized to enact rules having the force and

---

[2] The pertinent provisions of Code § 9-6.2 (Repl. Vol. 1973) of the Act, as it read at the time Silvette's petition was filed, are as follows:

" (a) *'Agency'* means any State department, commission, board or officer, having statewide jurisdiction, authorized by law to make rules or to adjudicate contested cases, except those pertaining to the legislative or judiciary departments, and except the Department of Workmen's Compensation, State Corporation Commission, the Commission of Game and Inland Fisheries, State Board of Education, the Department of Education and the State Water Control Board.

" (b) *'Rule'* means any regulation (including amendments and repeals) of general application and future effect affecting private rights, privileges or interests, promulgated by an agency to implement, extend, apply, interpret or make specific the legislation enforced or administered by it, but does not include regulations solely concerning internal management of the agency or of the State government, nor regulations of which notice is customarily given to the public only by markers or signs, nor mere instructions.

" (c) *'Contested case'* means a proceeding before an agency in which the rights, duties or privileges of a person are required by law to be determined after a hearing, but shall

effect of law which may be challenged by declaratory judgment proceedings under Code § 9-6.9.

There is no authority in the statute, under which the Art Commission was created and functions, for the enactment of rules having the effect of law or for the adjudication of contested cases. There is no requirement that the Commission conduct hearings. Thus, it is not an agency within the purview of the General Administrative Agencies Act, and the trial court erred in accepting and retaining jurisdiction of this controversy under Code § 9-6.9.

█ Even if the trial court had treated the proceeding as having been brought under the general declaratory judgment statute, Code § 8-578 (Repl. Vol. 1957), Paragraph 4(c) did not give rise to a justiciable controversy. The "rule" is permissive, not mandatory. The record shows that Silvette customarily refrains from complying with it, and that the Commission makes no effort to enforce it as a prerequisite to final approval of portraits. Therefore, there is no actual controversy within the meaning of Code § 8-578 for which a declaratory judgment may be sought, and there is no prior restraint upon Silvette in violation of his First Amendment rights.

For the reasons assigned the order of the trial court is reversed and the petition for declaratory judgment is dismissed.

*Reversed and final judgment.*

---

not include controversies relating to the amount, the payment or the refund of a tax, controversies relating to the issuance, denial, revocation or suspension of licenses by the Virginia Alcoholic Beverage Control Board; nor, in cases in which an agency issues a license, permit or certificate after an examination to test the knowledge or ability of the applicant, controversies over whether the examination was fair or whether the applicant passed the examination."